Roberto Castellón, demandante y apelante, *v.* Carmen Padín, Prudencio Collazo, Joaquín Padín y Teobaldo Casanova Prats, demandados y apelados.

Núm. 8410.—*Sometido:* Noviembre 17, 1941. *Resuelto:* Diciembre 10, 1941.

*Ortiz Toro & Ortiz Toro,* abogados del apelante; *A. Casanova Prats,* abogado de los apelados Carmen y Joaquín Padín; *F. Fernández Cuyar,* abogado de Teobaldo Casanova Prats; *R. Díaz Collazo,* abogado de Sucesores de Abarca, cesionarios, en parte, de los derechos y acciones del apelante en pleitos por éste instados.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Los demandados y apelados Carmen y Joaquín Padín solicitan la desestimación del recurso interpuesto por el demandante Roberto Castellón. Alegan: (*a*) que esta Corte Suprema carece de jurisdicción para conocer del recurso, porque según aparece de la transcripción de autos, el demandado Prudencio Collazo no fué nunca notificado del escrito de apelación, ni por sí ni por medio de abogado; y (*b*) que en la fecha en que se radicó el escrito de apelación—julio 15, 1941— el demandante apelante no era ya la parte interesada en el pleito, pues sus derechos y acciones en el caso que seguía contra Carmen y Joaquín Padín, como acción principal de daños y perjuicios a esta acción subsidiaria de rescisión de contrato, habían sido adjudicados a Sucesores de Abarca el 30 de abril de 1941, pasando dicha sociedad desde esa fecha a ser la parte realmente interesada en ambas acciones.

En su oposición a la desestimación solicitada, alega el demandante apelante: (*a*) que el demandado Prudencio Collazo fué notificado del escrito de apelación a través de su abogado Lic. Abelardo Casanova Prats, quien aparece

como abogado de récord de dicho demandado; y (b). que el demandante apelante es la parte realmente interesada en las dos acciones, aun cuando Sucesores de Abarca tienen también un interés limitado en el caso, según consta en el convenio escrito celebrado entre el apelante y los señores Sucesores de Abarca, que se presenta en evidencia. Se presentó también en evidencia el expediente del caso civil núm. 32,160 de la Corte de Distrito de San Juan, en el cual se dictó la sentencia que motivó el presente recurso. De dicho récord aparecen los siguientes hechos: que Prudencio Collazo, esposo de Carmen Padín, no obstante haber sido emplazado conjuntamente con su esposa y notificado con copia de la demanda original, no compareció en ningún momento para hacer alegación alguna en contra de dicha demanda. El demandante no solicitó que se anotase la rebeldía de dicho demandado. La única vez que el Lic. Casanova Prats compareció a nombre de Prudencio Collazo fué el 23 de enero de 1941 para pedir una pronta resolución de la excepción previa formulada por los otros demandados contra la demanda original. El mencionado letrado alega que el nombre de Collazo fué incluído por un error; que él no está autorizado para representar a dicho demandado; y que en todos los escritos posteriores a enero 23, 1941, el error fué subsanado eliminando el nombre de Collazo y haciendo constar solamente los de sus representados Carmen y Joaquín Padín.

Eliminada la demanda original por haber sido sostenida la excepción previa que contra ella se formulara, el demandante radicó su primera demanda enmendada y la notificó solamente a Carmen y Joaquín Padín. Es cierto que la notificación fué preparada para ser suscrita por el "Abogado de los Demandados" y que la empleada del Lic. Casanova Prats le agregó los nombres de Carmen y Joaquín Padín, pero esa enmienda encuentra justificación en el hecho de que el mencionado letrado no representó nunca a todos los demandados, pues uno de ellos, Teobaldo Casanova Prats, estuvo durante todo el procedimiento representado por el abogado F. Fer-

nández Cuyar. La segunda demanda enmendada, radicada en julio 1, 1941, tampoco fué notificada a Prudencio Collazo.

El escrito de apelación entablando el presente recurso fué notificado al Lic. Casanova Prats en julio 16 de 1941. Debajo del espacio reservado para su firma decía: "Abogado de Carmen y Joaquín Padín y de Prudencio Collazo." El Lic. Casanova firmó la notificación y tachó con una raya las palabras "y de Prudencio Collazo." Dicho escrito no fué radicado en la Secretaría de la corte de distrito hasta seis días después de haber sido notificado, o sea el 22 de julio de 1941.

Vistos los hechos que acabamos de exponer, resolvemos que el escrito de apelación nunca fué notificado al demandado Prudencio Collazo.

La única cuestión que nos queda por resolver es la siguiente: ¿Es necesaria la notificación del escrito de apelación al demandado Prudencio Collazo para que esta Corte Suprema pueda conocer del recurso interpuesto por el demandante apelante?

Los hechos esenciales de la demanda son como sigue: un tal Segarra demandó a Roberto Castellón en cobro de dinero y le embargó bienes para asegurar la sentencia. Joaquín Padín y Carmen Padín, esposa de Prudencio Collazo, otorgaron fianza para garantizar los daños que a Castellón pudiera causarle el embargo practicado a instancia de Segarra. La demanda de Segarra contra Castellón fué desestimada. En la fianza por ella otorgada, Carmen Padín juró que ella era dueña de una casa en San Juan. La Corte de Distrito de San Juan condenó a Carmen y Joaquín Padín a pagar a Castellón la suma de mil dólares, intereses, costas y honorarios. Alega el demandante que con el objeto de defraudarle y hacer ineficaz la fianza y la sentencia por él obtenida, Joaquín y Carmen Padín hicieron un traspaso simulado de sus propiedades al codemandado Teobaldo Casanova Prats, y pide que se decrete la nulidad del traspaso por haber sido hecho en fraude del acreedor demandante.

Los artículos 54 y 55 del Código de Enjuiciamiento Civil leen como sigue:

"Artículo 54.—Cuando una mujer casada es parte en un litigio, necesita del concurso de su marido, excepto:

"1. Cuando la acción ejercitada concierna a sus bienes propios, o a su derecho o pretensión a la propiedad de *homestead*, podrá demandar o ser demandada por sí sola.

" *      *      *      *      *      *      *

"Artículo 55.—Si marido y mujer fuesen demandados juntos, la mujer podrá defender su propio derecho, y si el marido dejare de defenderse, ella podrá defender también el derecho de éste."

Tratándose de una finca perteneciente a Carmen Padín, privativamente, su esposo Prudencio Collazo no era parte absolutamente necesaria para que la acción contra ella pudiera prosperar. De acuerdo con el artículo 54, supra, ella pudo ser demandada por sí sola, sin necesidad de hacer parte al marido. Éste no podría ser perjudicado en manera alguna si la sentencia que se solicita en la demanda fuese dictada, pues si se decretase que el traspaso hecho al demandado Casanova Prats es simulado y fraudulento, la propiedad pasaría de nuevo a la demandada Carmen Padín, sin perjuicio alguno para su esposo Prudencio Collazo. Y no siendo Prudencio Collazo parte interesada, no es requisito necesario que se le notifique el escrito de apelación.

La alegación de que en la fecha en que se radicó el escrito de apelación el demandante apelante no era ya la parte interesada en el pleito, carece de méritos. Del convenio celebrado entre Roberto Castellón y Sucesores de Abarca, ofrecido en evidencia en oposición a la moción para que se desestime el recurso, aparece que el interés de los señores Sucesores de Abarca está limitado a la suma de $167.21, correspondiendo a Roberto Castellón todo lo demás que pueda adjudicarse al demandante en las acciones incoadas por éste contra los demandados Carmen y Joaquín Padín y Teobaldo Casanova Prats.

*La moción de desestimación debe ser declarada sin lugar.*
El Juez Asociado Sr. Todd, Jr., no intervino.